IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICHARD DOLLAR,

    Petitioner,                      No. CIV-S-08-0063 GEB KJM P

    vs.

CATHY PROSPER, et al.,

    Respondents.                  FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner is a California prisoner proceeding pro se with an application for writ of habeas corpus under 28 U.S.C. § 2254. Petitioner challenges a prison disciplinary finding that resulted in the loss of 180 days of good conduct sentence credit. Respondents have filed a motion to dismiss. Petitioner has opposed the motion. Respondents have not filed a reply.

        Respondents' first argument is that petitioner has failed to exhaust state court remedies with respect to his claims. The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985).

/////

Respondents do not dispute that petitioner presented his claims to the California Supreme Court; they point out that the claims were denied with a citation to *"In re Dexter* (1979) 25 Cal.3d 921." Mot., Ex. 2. Respondents argue that petitioner did not give the state Supreme Court a "full and fair opportunity" to consider petitioner's claims, as the Dexter citation indicates petitioner did not meet the procedural requirement of exhausting administrative remedies with respect to his claims prior to presenting them to that court.

The record before the court is not clear as to whether petitioner did exhaust administrative remedies with respect to his claims. Despite the pronouncement by the California Supreme Court, there is nothing in the record before this court to support its finding.[1] When petitioner presented the claims put forth in this action to the Superior Court of Monterey County, the Superior Court found petitioner did exhaust administrative remedies. Mot., Ex. 1 at 37:7.[2] Petitioner asserts, in his opposition to respondents' motion, that he did exhaust administrative remedies. Opp'n at 2. On the present record, the court cannot make a finding that petitioner has failed to exhaust state court remedies with respect to his claims.

Respondents also assert that petitioner's claims are barred under the doctrine of procedural default. Again, respondents point to the California Supreme Court's finding that petitioner failed to exhaust administrative remedies with respect to his claims as the basis of their argument. Respondents argue that the Supreme Court's rejection of petitioner's claims purely on state law grounds precludes this court's consideration of petitioner's claims.

Under the doctrine of procedural default, federal courts will not review federal claims rejected by a state court if the decision of that court rests on a state law ground that is

---

[1] Respondents point to a finding made by the hearing officer in charge of petitioner's disciplinary proceeding that petitioner chose not to participate in the proceeding (Mot., Ex. 1 at 40) apparently in support of the proposition that petitioner failed to exhaust administrative remedies with respect to the claims presented here. However, respondents provide no authority for the proposition that petitioner could not have exhausted administrative remedies with respect to his claims without participating in the disciplinary hearing.

[2] Page references are to those numbers assigned by the court's CM/ECF system.

independent of the federal question raised and adequate to support the judgment. Bennett v. Mueller, 322 F.3d 573, 580 (9th Cir. 2003). To be deemed "adequate" to support the judgment, the state law ground for decision must be well-established and consistently applied. Id. at 583.

On the record here, the court cannot find that the California Supreme Court's cited ground for denying petitioner's claims – failure to exhaust administrative court remedies – is "adequate" for purposes of procedural default because the record does not clarify how the state Supreme Court came to its conclusion. In particular, the court cannot determine whether the rule the Supreme Court used to deny petitioner's claims is well-established and consistently applied because it is not aware of the facts to which the Supreme Court applied any rule of law in concluding administrative remedies had not been exhausted.

Respondents' final argument is that petitioner has no standing to bring his claims. Under Article III, § 2 of the Constitution, all cases proceeding in federal court must present a case or controversy:

> This case-or-controversy requirement subsists through all stages of federal judicial proceedings . . . The parties must continue to have a personal stake in the outcome of the lawsuit. [Quotations and citations omitted.] This means that, throughout the litigation, the plaintiff must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." [Quotations and citations omitted.]

Spencer v. Kemna, 523 U.S. 1, 7(1998). Here, petitioner is serving an indeterminate prison sentence and he has been eligible for parole since 1994. Mot, Ex. 3. His loss of good time sentence credit has no direct effect upon his release date, as his release date is not yet fixed and will only be set when the parole board determines he is suitable for parole. Cal. Code Regs. tit. 15, § 2000 et. seq. Accordingly, even if this court were to restore the loss of petitioner's sentence credit in this case, it would not make any difference in the amount of time petitioner remains incarcerated. Petitioner does not dispute that restoration of his lost good time will not provide him with direct relief. Rather, he asserts that if the disciplinary conviction challenged is allowed to stand, he will suffer a five-year denial of parole. Opp'n at 5-6.

3

1    In Spencer, 523 U.S. at 14, the Supreme Court found a habeas petitioner's challenge to a parole revocation did not satisfy the case or controversy requirement simply because the parole revocation could be used against petitioner at some future parole hearing. The court acknowledged the revocation could in fact be used against petitioner at a subsequent parole proceeding, but that the parole revocation "is simply one factor among many, that may be considered by the parole authority" rendering the fact that petitioner would be denied parole based upon the revocation as a "possibility rather than a certainty or even a probability." Id.

In Title 15 of the California Code of Regulations section 2281, several factors are identified for the parole board's consideration in determining whether an inmate is suitable for parole. One of the factors "tending to show unsuitability" is a history of violence. Cal. Code Regs. tit. 15, § 2281(c)(2). Another such factor is "serious misconduct in prison or jail." Id. § 2281(c)(6). While it is true petitioner could be denied parole based upon the disciplinary infraction at issue, denial is not inevitable, considering there are several other factors the parole board will consider in determining whether petitioner should be granted parole. Id. § 2281(b)-(d). Petitioner could be granted parole if the parole board finds, in light of all the relevant factors, petitioner does not pose an unreasonable risk of danger to society. Id. § 2281(a)-(d). Conversely, the parole board could also deny petitioner parole without considering the disciplinary infraction if it made the determination, based upon all the other factors, that petitioner does pose an unreasonable risk of danger to society. The record before the court and the posture of petitioner's parole matter do not allow the court to determine if consideration of the disciplinary finding at issue will result or probably will result in petitioner's being denied parole in the future.

Based upon the facts presented, and in light of the Supreme Court's decision in Spencer v. Kemna, the court finds this action does not present a "case or controversy" as required by the Constitution. Even if the court found petitioner's claims regarding the prison disciplinary infraction at issue to have merit, it does not appear the court could provide redress.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondents' motion to dismiss (#8) be granted; and

2. This case be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 4, 2009.

_____
U.S. MAGISTRATE JUDGE

1
doll0063.157